## McLendon v. Indianola Lumber Co.

[90 South. 885. No. 22394.]

Mechanics' Liens. *Party seeking to hold owner for contractor's debt must give written notice of intention.*

Under the provisions of section 1, chapter 128, Laws of 1918, section 2434, Hemingway's Supplement, no particular form of notice is prescribed or required, but a claimant under this section, in order to bind the amount due a contractor by the owner of a building, must give such owner written notice of the amount due him and of his intention to claim the benefit of this section.

Appeal from circuit court of Sunflower county.

Hon. S. F. Davis, Judge.

Suit by the Indianola Lumber Company against John M. McLendon. Judgment for plaintiff, and the defendant appeals. Reversed, and judgment entered for the defendant.

*Neil & Clark,* for appellant.

Any person to be entitled to the benefits given by the statute must be: First, a creditor of the contractor, who shall have furnished materials to the contractor for the construction of the building erected; second, such a creditor whose debt is due, and, third, such a creditor who claims a lien on the building constructed for the security of that indebtedness.

The purpose of this statute is to stop the payment by the owner to the contractor after notice is given him in writing and is generally known and referred to by the courts as a stop notice. To be effectual, the notice must be in writing and, while no particular form of notice is required by the statute, yet the notice must contain, in substance, that which is essential to inform the owner himself (not the agent of the owner) of the following: 1. That the claimant furnished materials used in the construction . . . of the building, to the contractor; 2. The amount due him by the contractor; and 3. Claim the benefit of this section by asserting an intention to bind the owner and enforce a lien on the building of the owner for the payment of the indebtedness due. All of these things the statute requires to be embraced in the written notice delivered to the owner before the lien attaches.

The New Jersey statute, similarly paraphrased to meet the facts in this case, reads: "Whenever any . . . contractor shall, upon demand refuse to pay any person who may have furnished materials used in the erection of any . . . building . . . it shall be the duty of such materialman to give notice in writing to the owner or owners of such building of such refusal and of the amount due him or them and so demanded."

Thereupon, the amount due shall be bound. It will be noted that this statute is similar to ours, but requires that the notice show that the amount has been demanded, while our statute requires that the claimant claim the benefit of the provision of the statute. The New Jersey statute is similar to ours in that it requires the claimant to be First, a creditor of the contractor; and second, to have furnished materials used in the construction of the building.

Under our statute and under the New Jersey statute, a claimant who does not hold the relation of debtor and creditor as to the contractor, and who has not furnished materials used in the construction of the building, does not

come within the purview of the statute. *Kirkland* v. *Moore,* 2 Atl. 269.

Not only must this exist, but the notice required under the statute must show that the relation of debtor and creditor as to the contractor exists, and must show that the claimant has furnished materials in the construction of the building. See *Beckhart* v. *Rudolph,* 63 Atl. 705.

*Quinn, Guthrie & Cooper,* for appellee.

This case involves in the main the sufficiency of the contents of the written notice, and also of the service of the written notice, as required by section 2434 of Hemingway's Code, as amended by chapter 128 of the Laws of 1918, giving a materialman's lien to party furnishing materials for the construction of a building. The lower court held that the written notice relied on by the lumber company contained sufficient notice to come within the statute and that it was served in a manner sufficient to meet the requirements of the law.

The purpose of the statute sought to be invoked in this case is to fix a lien on a building in favor of the person who furnishes materials used in its construction. It is necessary under the statute to give a notice in writing which shall inform the owner of the amount due for said materials. If from the notice, the owner is informed of the amount due, this is all that is necessary.

Appellant would have this court construe this statute to require the written notice to contain three separate and distinct facts. We do not concede this, as the appellee's contention is that the amount is due the materialman. Of course, other facts must be true, but the written notice need not contain these facts. For instance, it must be true under the statute that the claimant has furnished materials used in the construction of the building and it must be true that the claimant claimed the benefit of the section, but under no construction, as we see it, must this notice show all of these facts. If the owner understands

that the total amount due, shown on the notice, was for materials furnished in his building, the lien in favor of mechanics and materialmen should be liberally construed in their favor. Although the lien is statutory and the requirements must be met, all that is necessary is for a substantial meeting of its requirements. *Buck* v. *Brian,* 2 Howard, 874; *Buchanan* v. *Smith,* 43 Miss. 90; *Weathersby* v. *Sinclair,* 43 Miss. 189; *Sharpe* v. *Spengler,* 48 Miss. 360.

If the legislature had meant by adding the words "and claim the benefit of this section, that the notice must contain this claim," they certainly would not have left the language as it is in the 1918 law. Their language, if such had been their meaning, would doubtless have been substantially as follows: "Any such person may give notice in writing to the owner thereof of the amount due him and of his claim to the benefit of this section. There could with such an addition, have been no doubt as to the meaning of the legislature. Appellant would have this court believe that the Mississippi statute requires the notice to show that the claimant was a creditor of the contractor. The statute does not say so. The statute simply says that this relation must exist, but it does not say that the notice must show this relation to have existed.

Cook, J., delivered the opinion of the court.

The Indianola Lumber Company, appellee, instituted suit in the circuit court of Sunflower county, seeking to enforce a materialman's lien on a certain building erected by a contractor for John M. McLendon on land belonging to Alba Wilson McLendon, his wife. The contractor and John McLendon and wife were made parties defendant, and upon the trial of the cause there was a final judgment in favor of the contractor and Mrs. McLendon, and judgment was entered against John M. McLendon for the balance due by the contractor to appellee, and also condemning the building to be sold to satisfy this judgment, and

from this judgment the defendant, John McLendon, prosecutes this appeal.

For the decision of the one question which we consider controlling in this case, we deem it unnecessary to state the facts as developed on the various issues presented in the trial court.   It will be sufficient to state that appellant entered into a written contract with H. C. Runyan, a contractor, to construct a residence for him; that this building was constructed on a lot belonging to appellant's wife; that appellee furnished to this contractor certain materials which were used in the construction of this residence and for which the contractor did not pay; that this material was charged to appellant, but without authority from him so to do; that this material was charged to appellant principally for the purpose of identifying the building for which the materials were furnished; that when the building was nearing completion, appellee delivered to appellant an itemized statement of the amount of the materials it had furnished for this building; that this statement of accounts showed that the materials had been charged to appellant and also showed the dates when furnished, the quantity, the prices, and the total amount due.   The testimony as to what was said between the parties at the time this statement of account was delivered to appellant, and as to whether appellant understood that appellee would demand of him the payment of the account and claim the benefit of the statutory lien in favor of materialmen, is very conflicting.

The decisive question involved in this record is whether under the provisions of chapter 128, Laws of 1918, the statement of account delivered to the owner of the building is sufficient notice to bind in the hands of the owner the amount then due the contractor, and to establish a lien on the building for the materials used in its construction.

Omitting the parts thereof which are not applicable to the facts here, section 3074, Code of 1906, section 2434, Hemingway's Code, provided that, when any contractor shall not pay any person who may have furnished ma-

terials used in the erection of any building, such person may give notice, in writing, to the owner thereof of the amount due; and thereupon the amount that may be due by such owner to the contractor shall be bound and liable in the hands of such owner for the payment of the sum so claimed. This section was amended by chapter 128, Laws of 1918, and leaving out of this statute the parts thereof which are not applicable to the facts here, section 1 of said chapter 128, Laws of 1918, reads as follows:

"When any contractor shall not pay any person who may have furnished materials used in the erection of any building . . . such person may give notice in writing to the owner thereof of the amount due him *and claim the* benefit of this section; and, thereupon the amount that may be due upon the date of the service of such notice by such owner to the contractor shall be bound," etc. (Italics ours.)

It will be noted that the 1918 amendment of the Code section adds the words "and claim the benefit of this section" to the provision that the materialman "may give notice in writing to the owner of the amount due him." Does this addition require that the materialman must also give the owner notice of his intention to avail himself of the statutory scheme to bind the amount then due the contractor and to fix a lien on the building? If not, the addition of these words serves no purpose whatever. Appellee contends that these added words simply describe the right which the claimant would have after he had given the written notice of the amount due, or, in other words, that these words simply mean that a claimant who has given the written notice of the amount due thereby puts himself in a position where he can claim the benefit of the section. If such be the only purpose of this addition to the statute, the added words are entirely useless, for it is perfectly clear that under the Code section as it existed prior to the 1918 amendment, the right to claim the benefit of the section flowed to the claimant immediately upon service of written notice of the amount due by the

contractor.  If a person who has furnished to a contractor material for the construction of a building desires to claim the benefit of this section to enforce payment of the amount due him by the contractor, we think it is entirely reasonable that he should be required to give the owner of the building notice of his intention so to do, and that such was the legislative purpose in adding these words to the statute.

No particular form of notice is prescribed or required, but we are of the opinion that a claimant under this section, in order to bind the amount in the hands of the owner of the building, must give notice in writing of the amount due him, and also of his intention to hold the owner for the amount and to assert a lien on his building if the amount is not paid by him, or, in other words, some notice of his intention to claim the benefit of this statute.

The statement of account delivered to appellant in this case does not comply with this statutory requirement, and the judgment of the court below will therefore be reversed, and judgment will be entered here for appellant.

*Reversed, and judgment here for appellant.*